IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRIS HERRON, | § | |
|    PLAINTIFF, | § | |
| | § | |
| | § | |
| | § | |
| | § | CIVIL ACTION # _____ |
| v. | § | |
| | § | JURY DEMAND |
| THE SEMINOLE TRIBE OF FLORIDA, | § | |
| INC. D/B/A HARD ROCK HOTEL & | § | |
| CASINO PUNTA CANA, AND HARD | § | |
| ROCK CAFÉ INTERNATIONAL | § | |
| (USA), INC. | § | |
|    DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHRIS HERRON, hereinafter referred to as Plaintiff, complaining of Defendant, The Seminole Tribe of Florida, Inc. d/b/a Hard Rock Hotel & Casino Punta Cana, and Hard Rock Café International (USA), Inc. and for cause of action would respectfully show as follows:

## PARTIES

1.    Plaintiff, Chris Herron, is an individual and a citizen of the State of Texas.

2.    Defendant, The Seminole Tribe of Florida, Inc. d/b/a Hard Rock Hotel & Casino Punta Cana, and Hard Rock Café International (USA), Inc., may be served through their registered agent, Eric E. Dorsky, 7320 Griffin Road, Suite 220, Davie, Florida 33314-4105, or wherever he may be found.

## JURISDICTION AND VENUE

3.    Defendant, The Seminole Tribe of Florida, Inc. d/b/a Hard Rock Hotel & Casino Punta Cana, and Hard Rock Café International (USA), Inc is a for-profit corporation organized and existing under

the laws of the State of Florida, with its principal place of business located in, 6300 Stirling Road,

Broward County, Hollywood, Florida 33024

4 .    The incident at issue took place at Hard Rock Hotel & Casino Punta Cana, at KM 28, #74,

Blvd. Turístico del Este, Punta Cana 23000, Dominican Republic.  There is complete diversity

between Plaintiff and Defendant, and the matter in controversy exceeds, exclusive of interest and

costs, the sums specified by 28 U.S.C. §1332.    Venue and jurisdiction are proper in this Court.

## FACTS

5.    On or about January 31, 2022, Plaintiff was an invitee at the Hard Rock Hotel & Casino

Punta Cana.  Plaintiff was walking to get food, when he suddenly, and without warning, slipped

and fell to the ground due to the wet floor.  Plaintiff suffered serious injuries to his head, knees,

hips, elbow and other body parts, due to the dangerous condition on the floor that caused him to

slip and fall.  Plaintiff's bodily injuries occurred as a result of the fall and was proximately caused by

the dangerous condition described above, which Defendant knew, or in the exercise of ordinary care,

should have known existed.

## CAUSES OF ACTION

6.    At the time of the underlying incident articulated above and incorporated herein by reference,

Plaintiff was an invitee on premises that Defendant possessed.

7.    At the time of the incident, a condition on the premises posed an unreasonable risk of harm.

8.    Defendant knew or reasonably should have known of the danger.

9.    Defendant breached its duty of ordinary care by (1) failing to adequately warn Plaintiff of the

condition, or (2) failing to make the condition reasonably safe.

10.    Defendant's breach proximately caused Plaintiff's injuries and damages.

## DAMAGES

11.     As a legal and proximate result of Defendants' negligent, Plaintiff suffered the following injuries and damages:

      a.      Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

      b.      Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to suffer same into the future;

      c.      Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer same into the future;

      d.      Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer same into the future;

      e.      Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer same into the future;

      f.      Plaintiff has lost earnings in the past and, in all reasonable probability, will sustain a loss of earning capacity in the future; and,

      g.      Plaintiff has suffered a past loss of found damages, and in all reasonable probability, will sustain a loss of found damages in future.

12.     Plaintiff sues for an amount of damages that this Court believes is fair and reasonable based upon the injuries and damages.  Plaintiff reserves the right to amend this pleading to comport with the evidence.

## JURY DEMAND

13.     Plaintiff requests a trial by jury on the merits.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Chris Herron prays that Defendant, The Seminole Tribe of Florida, Inc. d/b/a Hard Rock Hotel & Casino Punta Cana, and Hard Rock Café International (USA), Inc. be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against the Defendant in such amount as will compensate for their

losses and damages as stated above, together with interest, both pre and post-judgment; all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF WILLIE D. POWELLS, III AND ASSOCIATES, PLLC**

By: _____
　　 Willie D. Powells, III
　　 Texas Bar No.: 24053427
　　 Daniel K. Dinneen
　　 Texas Bar No.: 24059684
　　 One Arena Place
　　 7322 S.W. Fwy, Suite 2010
　　 Houston, Texas 77074
　　 T: (281) 881-2457
　　 F: (713) 583-3100
　　 E: willie@williepowellslawfirm.com

**ATTORNEYS FOR PLAINTIFF**